(Copy sent to OJ. Simpson Atty.)
" Proof of Service at page: 9

Desmond Michael Moreland, T24170
NAME
Calipatria State Prison
PRISON
PO Box 5002, C5, 233
ADDRESS OR PLACE OF CONFINEMENT
Calipatria, Calif. 92233-5002

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe ___

FILED
2008 FEB -8 PM 3:53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Desmond Michael Moreland;
Desmond Michael Moreland, Jr.
FULL NAME (*Include name under which you were convicted*)

Petitioner,

v.

T. Ochoa (ACTING Warden).
NAME OF WARDEN
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:
CV '08 CV 0249 JAH NLS
To be supplied by the Clerk of the United States District Court

PETITION FOR ~~WRIT OF HABEAS~~ CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION Los Angeles Co.
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV 01-3202-GHK(AN) (Pre-Trial)
CV 01-4248-GLT(AN) (Pre-Trial)
CV 02-08902-GHK(AN) (Pre-Trial)

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.
2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.
3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.
4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.
5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.
5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.
6. When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

1

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:

1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

**PETITION**

1. Venue
   a. Place of detention Calipatria State Prison (California)
   b. Place of conviction and sentence Long Beach Superior Court (California)

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked)*.
   a. Nature of offenses involved *(include all counts)*: Ct.1: Attempt Murder; Ct.2: Second-Degree Robbery; also special use of firearm allegation.
   b. Penal or other code section or sections: Penal Codes 664-187(a); 211; 12022.5(a)(1); 12022.53(c) and (b).
   c. Case number: NA042601
   d. Date of conviction: April 27, 2001
   e. Date of sentence: May 18, 2001
   f. Length of sentence on each count: (Org. sent. 5/18/01): Ct.1: LWOP; Ct.2: 5 years; Allegation: 25 to life. (Sent. Mod.: 7/27/02): Ct.1: Life
   g. Plea *(check one)*:
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial *(check one)*:
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction? ☒ Yes ☐ No

   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:
   a. Case number: B150569
   b. Grounds raised *(list each)*:
      (1) Court's admission of improper prosecution rebuttal

2

(2) Improper instruction on "flight"

(3) Improper instruction (CALJIC 17.14.1)

(4)

(5)

(6)

c. Date of decision: October 8, 2002

d. Result conviction affirmed

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☐ Yes ☒ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number:

b. Grounds raised *(list each)*:

(1)

(2)

(3)

(4)

(5)

(6)

c. Date of decision:

d. Result

5. If you did not appeal:

a. State your reasons (PETITION FOR REVIEW) Did not file for review because "pre-trial" habeas corpus was pending in federal district court, whose out-come would impact any post-conviction appeal or collateral attack.

b. Did you seek permission to file a late appeal? ☐ Yes ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petiti[ons and the] rulings on the petitions if available)*:

3

a. (1) Name of court: ______

(2) Case number: ______

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) ______

(b) ______

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: ______

(6) Result ______

______

(7) Was an evidentiary hearing held? ☐ Yes ☒ No

b. (1) Name of court: ______

(2) Case number: ______

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) ______

(b) ______

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: ______

(6) Result ______

______

(7) Was an evidentiary hearing held? ☐ Yes ☒ No

c. (1) Name of court: ______

(2) Case number: ______

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) ______

(b) ______

4

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: ______

(6) Result ______

(7) Was an evidentiary hearing held? ☐ Yes ■ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION: *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a. Ground one: Petitioner recently discovered trial court breached March 2001 sentence contract via sentence modification

(1) Supporting FACTS: See "Supplemental Petition for Writ of Habeas Corpus," ATTACHEMENT-A, at page

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ■ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ■ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ■ No

b. Ground two: Had petitioner known trial court's intent to breach sentence contract July 2002, would have prevented the judgment

(1) Supporting FACTS: See "Supplemental Petition for Writ of Habeas Corpus," ATTACHMENT-A, at page

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ■ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ■ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ■ No

c. Ground three: Due to trial court's breach of sentence contract, petitioner's judgment and sentence must be set-aside

(1) Supporting FACTS: See "Supplemental Petition for Writ of Habeas Corpus," ATTACHMENT-A, at page

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

d. Ground four:

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

e. Ground five:

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: ______

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes ☒ No Only "pre-trial":(cv-01-4248; 02-cv-02187; cv-02-08902)

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: ______

(2) Case number: ______

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) ______

(b) ______

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: ______

(6) Result ______

(7) Was an evidentiary hearing held? ☐ Yes ☐ No

b. (1) Name of court: ______

(2) Case number: ______

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) ______

(b) ______

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: ______

(6) Result ______

(7) Was an evidentiary hearing held? ☐ Yes ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction? ☐ Yes ■ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: ________

(2) Case number: ________

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ________

(4) Grounds raised *(list each)*:

(a) ________

(b) ________

(c) ________

(d) ________

(e) ________

(f) ________

11. Are you presently represented by counsel? ☐ Yes ■ No

If so, provide name, address and telephone number: ________

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

________
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

JAN 1 1 2008
JAN 1 1 2008

Executed on ______, 2008
*Date*

Desmond Moreland
*Signature of Petitioner*

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

(C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746)

I, Desmond Moreland DECLARE UNDER PENALY OF PERJURY THAT: I AM THE Petitioner IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ________ DAY OF FEB 0 2 2008 2008 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE)________________
DECLARANT/PRISONER

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746)

I, Desmond Moreland AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON FEB 0 2 2008 2008 IS SERVED THE FOREGOING:

SET FORTH EXACT TITLE OF DOCUMENTS SERVED:

PETITION FOR WRIT OF HABEAS CORPUS

and

*Declaration to Proceed in Forma Pauperis*

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

To: Clerk of the United States District Court
for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

To: The Law Office of
Yale L. Galanter, P.A.
525 South Andrews Avenue
Ft. Lauderdale, FL 33301

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE FEB 0 2 2008, 2008 ________ /Desmond Moreland
(DECLARANT / PRISONER)

# ATTACHMENT A

Desmond Michael Moreland Jr.
CDC No. T24170
Calipatria State Prison
PO Box 5002
Calipatria, CA. 92233-5002

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desmond Michael Moreland; Desmond Michael Moreland Jr., Petitioner, vs. T. Ochoa (ACTING Warden). Respondent. | CV ______________ SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS AND ARGUMENT AND POINTS AND AUTHORITIES |

# TABLE OF CONTENT


| | Page |
|---|---|
| SUPPLEMENTAL PETITION | 16 - 178 |
| PRELIMINARY STATEMENT | 16 - 18 |
| PROCEDURAL HISTORY | 19 - 23 |
| STANDARD OF REVIEW | 24 -32 |
| A. Habeas Corpus Relief Under 28 U.S.C. section 2254 | 24 - 26 |
| B. One-Year Statute Of Limitations Under 28 U.S.C. section 2244(d) | 26 - 27 |
| C. Alternate Start Of The Statute Of Limitations Under 28 U.S.C. section 2244(d)(1)(D) | 27 - 32 |
| STATEMENT OF FACTS | 33 - 40 |
| CONTENTIONS | 41 |
| VERIFICATION | 9, 42 |
| ARGUMENT AND POINTS AND AUTHORITIES | 43 - 50 |
| I. Petitioner Recently Discovered Trial Court Breached March 2001 Sentence Contract Via Sentence Modification | 43 - 45 |
| II. Had Petitioner Known Trial Court's Intent To Breach Sentence Contract July 2002, Would Have Prevented The Judgment | 45 - 49 |
| III. Due To Trial Court's Breach Of Sentence Contract, Petitioner's Judgment And Sentence Must Be Set-Aside | 49 - 50 |
| CONCLUSION | 51 |

## TABLE OF AUTHORITIES

Cases | Page


Blackledge v. Allison (1977) 431 US 63 .......................... 49

Bowen v. Roe (9th Cir. 1999) 188 F3d 1157 ............ 27

Brewer v. Hall (9th Cir. ) 378 F3d 952 ............. 24

Delgado v. Lewis (9th Cir. 2000) 223 F3d 976 ............. 26

Early v. Packer (2000) 537 US 3 .......................... 25

Frazier v. Rogerson (2003) 248 F.Supp. 2d 825 ............... 28

Hernandez v. Small (9th Cir. ) 282 F3d 1132 ............ 25

Hunter v. Aispuro (9th Cir. 1992) 982 F2d 344 ............. 26

In re Lee (1918) 177 Cal. 690 ...................... 48

In re Zerbe (1964) 60 Cal.2d 666 ..................... 48

Lockyer v. Andrade (2003) 538 US 63 ........................ 25

Munnerly v. South D.S.C. 2006 WL 3390988 .................. 32

Neal v. State of California (1960) 55 Cal.2d 11 ..................... 48, 49

People v. Cross (1963) 213 CA2d 678 ...................... 47

People v. Delles (1968) 69 C2d 906 ........................ 49

People v. Flores (1971) 6 C3d 305 ........................ 49


/

## TABLE OF AUTHORITIES(cont.)

People v. Manchereno
(1982) 32 C3d 855 .......................... 49, 50

Santobello v. N.Y.
(1971) 404 US 257 .......................... 49, 50

Small v. Miller
S.D.N.Y.2003, WL 22801332 .............. 28

Smith v. Robbins
(2000) 523 US 259 .......................... 26

U.S. v. Harvey
(4th Cir. 1986) 791 F2d 294 ............. 50

U.S. v. Lezine
(7th Cir. 1999) 166 F3d 895 ............. 50

U.S. v. Mondragon
(9th Cir. 2000) 228 F3d 978 ............. 50

Williams v. Taylor
(2000) 529 US 362 .......................... 25

Penal Code

Section 136.1 .............................. 40

Section 182 ................................ 40

Section 187 ................................ 16, 33

Section 211 ................................ 16, 33

Section 422 ................................ 40

Section 518 ................................ 40

Section 664 ................................ 16, 33, 37

Section 997(b) ............................. 44

Section 1012 ............................... 47

Section 1185 ............................... 47

Section 1192.5 ............................. 48, 50

Section 1193 ............................... 44

Section 1200 ............................... 47

Section 1487(1) ............................ 48

TABLE OF AUTHORITIES(cont.)

Section 12022(a)(1) ...................... 16

Section 12022.5(a)(1) .................... 16, 17

Section 12022.53 ......................... 36

Section 12022.53(b) ...................... 16, 17

Section 12022.53(c) ...................... 16

Section 12022.53(d) ...................... 16, 18, 36

Section 12022.53(e)(1) ................... 16

California Constitution

Article 1, section 15 .................... 44

United State Constitution

Sixth Amendment .......................... 41

Fourteenth Amendment ..................... 41

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desmond Michael Moreland; Desmond Michael Moreland Jr., Petitioner, vs. T. Ochoa (ACTING Warden). Respondent. | CV ______________ SUPPLEMENTAL PETITION AND WRIT OF HABEAS CORPUS AND ARGUMENT AND POINTS AND AUTHORITIES |

PRELIMINARY STATEMENT

In Information (No. NA042601) filed November 20, 2000, the Los Angeles County district attorney charged Desmond Michael Moreland Jr. ("Petitioner") and codefendants (Keenan Haywood, Hector Solano and Robert Gaut, Jr.,) with attempted willful, deliberate and premeditated murder pursuant Penal Code ("Section") 187(a)/664, count 1: and with second degree robbery pursuant Section 211, count 2. It was further alleged as to both counts that principal was armed with firearm (Section 12022(a)(1),) personally used a firearm (Sections 12022.5(a)(1), 12022.53(b) and 12022.53(e)(1),) and personally and intentionally discharged a firearm (Sections 12022.53(c) and 12022.53(e)(1),) which proximately caused great bodily injury (Sections 12022.53 (d) and 12022.53(e)(1).) It was also alleged as to

both counts that petitioner personally used a firearm (Sections 12022.5(a)(1) and 12022.53(b),) and personally and intentionally discharged a firearm (Section 12022.53 (c)), which proximately caused great bodily injury (Section 12022.53(d)). (CT 193-198). Petitioner entered a plea of not-guilty to both counts and denied the allegations. (CT 304). Petitioner's motion to represent himself in Pro Per was granted (CT 312), and his motion for severance from codefendants was granted. (CT 333-338, 340).

In March 2001, the trial court judge (Charles D. "Sheldon") enetered into his own initiated contract ("Sentence Bargain") with petitioner as to an UNAUTHORIZED sentence he would impose if convicted, if petitioner did challenge or contest such sentence, during in-camera proceeding, as well as in open-court. (CT 428-433).[1]

On April 27, 2001, following a jury trial at which petitioner represented himself, the jury found him guilty on both counts and found true the allegations. (CT 526-529).

On May 18, 2001, after denying petitioner's motion

---

[1] As discussed below in the Petition, Judge Sheldon on his very own motion opt not to order reporter's record transcribed and/or made apart of official record on direct appeal, including pertinent motions and pleadings filed by petitioner as to witnesses.

for new trial Judge Sheldon orally imposed an unauthorized term on count 1,[2] attempted murder, of dual sentence of both "25 to life" (as determinate sentence) and "life" (as indeterminate sentence). (RT 2738). Plus "25" years consecutively on the enhancement for personal and intentional discharge of a firearm causing great bodily injury (Section 12022.53(d)). (RT 2737). As to count 2, a term of 5 years was imposed which was stayed under Section 654. (RT 2736-2737). Petitioner did not object or contest the unauthorized sentence, by-way of Sentence Bargain, and filed a timely appeal that same day. (CT 554). On October 8, 2002, the appellate court affirmed the conviction in its unpublished opinion. (No. B150569).[3]

On July 26, 2002, Judge Sheldon, without notification to petitioner, modified the sentence, thus changing it from being an unauthorized sentence to one that is authorized by law.

Petitioner contends that Judge Sheldon BREACHED the terms of the Sentence Bargain, and after first exhausting all state remedies, he now seeks relief by habeas corpus in this (federal) Court.

---

[2] The sentence imposed on count 1 as recorded in clerk's minutes and abstract of judgment do not reflect term as imposed ORALLY by Judge Sheldon. (CT 550-551; RT 2736-2738).

[3] Petitioner did not argue the conditions of the Sentence Bargain on direct appeal because Judge Sheldon had not breached any of the terms of the contract.

## PROCEDURAL HISTORY

As stated in the previous section above, petitioner was convicted after a jury trial in the Los Angeles County Superior Court on April 27, 2001. Thereafter, on May 18, 2001, petitioner was sentenced to a indeterminate term in state prison.

Petitioner appealed the state judgment of conviction to the California Court of Appeal for the Second District (No. B150569.) In his Appellant's Opening Brief ("AOB"), petitioner raised the following arguments: improper prosecution rebuttal, and trial court improperly instructed the jury. (AOB i-ii.) On April 16, 2001, petitioner personally filed a petition for writ of habeas corpus in conjunction with his appeal (In re Moreland, No. B157707.) The appellate court ordered the petition considered concurrently with the appeal. On September 17, 2002, while the appeal was still pending, petitioner filed regarding procedural issue pertaining to the appeal pending. (No. S109919.) On October 8, 2002, the appellate court affirmed petitioner's conviction; and in separate order the court denied the habeas corpus petition heard inconjunction with the appeal. On November 4, 2002, petitioner filed in the United States District Court, Southern District of California ("Southern District Court"), a Second Pre-trial (federal) Petition for Writ of Habeas Corpus ("SPP"), which

was assigned case no. CV-02-02187-IEF(LAB).[4] On November 6, 2002, the Southern District Court issued an Order transferring action to United State District Court, for the Central District of California; which is the Court in this action. On November 20, 2002, the Court filed the SPP and assigned it as case no. CV-02-08902-VAP(AN). On November 26, 2002, the Court filed an Order summarily dismissing SPP without prejudice and with leave to file a First Amended Petition ("FAP") by December 26, 2002.[5] Furthermore, in the Court's order, petitioner was directed not to refer to the dismissed petition or any attachments thereto. ("Order:11/26/02;" at 4.) On December 10, 2002, petitioner filed the FAP, which was reassigned as case no. CV-02-08902-GHK(AN).[6] On February 5, 2003, the Court

---

[4] The SPP is the subsequent pre-trial petition filed based on earlier Order by this Court dismissing petitioner's previously submitted First Pre-trial Petition ("FPP") which was stamped "Lodged" by this Court on April 19, 2001 at 11:19am (No. CV-01-4248-GLT(AN);) before the state put on its case at the trial. In the Order dismissing the FPP the Court advised petitioner, though it was a pre-trial petition challenging "commitment" (FPP at 2,) the petition was "pre-mature;" and stated, "Moreover, petitioner has yet to be convicted. 'Petitioner can vindicate his federal constitional claims in the state courts by, for example, filing pre-trial motions or a direct appeal'." ("Order:5/31/01;" at 3.)

[5] The Court ordered filing of an amended petition clarifying whether petitioner had exhausted state judicial remedies with respect to all grounds alleged, and to submit information on Court approved form. ("Order:11/26/02;" at 4.)

[6] Pursuant to General Order 224 (Related Case) filed. /Related Case no. CV-01-3202-GHK(AN)/ Case transferred from Judge Virginia A. Phillips to George H. King

issued an Order Re Further Proceedings ("OFP") stating, that after review, it appears from the face of the FAP that summary dismissal is not warranted and directed the parties to proceed. Also thereafter, petitioner's state habeas corpus pending in the California Supreme Court prior to appellate court's ruling on direct appeal was denied without opinion on May 21, 2003. (No. S109919.) On December 20, 2005, the Court dismissed the FAP on the merits with prejudice.[7] [8] On January 26, 2006, petitioner filed a "request for certificate of appealability" to the Ninth Circuit Court of Appeal. (No. 06-55128.) On December 1, 2006, the Ninth Circuit issued its Order denying the request without opinion. On December 28, 2006, petitioner filed a petition for writ of certiorari in the Supreme Court of the United States which was placed on the docket

---

for all further proceedings. The case number was ordered to reflect the initials of the transferee Judge (GHK).

7 On June 9, 2004, petitioner filed in the Court his Motion for Judicial Notice ("Motion"), which requested the Court take notice of provided pertinent trial court (filed) records which were omitted from the official record at direct appeal and in proceeding on FAP. On September 3, 2004, the Court GRANTED the Motion as to the documents submitted and provided to the Court for notice. ("Order: 9/3/04.")

8 On December 7, 2005, petitioner filed in the Court his Objections to Notice of Report and Recommendation ("POR") that the FAP be dismissed with prejudice arguing, amongst other things, that: Magistrate's Rejection Of Moreland's 1st, 3rd and 4th Claims are Based On A Misapplication Of Federal Habeas Pre-trial Relief. (POR at 3.)

January 4, 2007 as case no. 06-8628. On March 5, 2007, the Supreme Court denied the petition for a writ of certiorari without opinion.

On May 16, 2007, nearly four and one-years after petitioner's conviction became final, he filed in the California Court of Appeal a Petition for Writ of Error Coram Vobis ("Writ")(No. B199043),[9] [10] which alleged the recent discovery, via prison annual hearing, that Judge Sheldon had changed (breached) the terms of the sentence-Bargain executed at pre-trial hearing. (Writ at 6-7.) On June 27, 2007, the appellate court summarily denied the Writ in single page Order.[11] Petitioner then filed a Petition for Review ("Review") in the California Supreme Court (No. S154206,)[12] in regards to the denial of his

---

[9] Due to possible error with prison legal mailing process, petitioner filed a second writ of error coram vobis. (No. B199338.)

[10] Petitioner filed several (various) petitions in the state courts which are either prior to, or unrelated to, the new factual predicate for which the Writ lies. The other case numbers: B189103, B191889, B192256, B195718, B197554, B198232, B198499, B199108, B200717, S145102, S145582, and several more petitions specifically in the superior court under case no. NA042601. All filings were summarily denied.

[11] Also, in separate Order, the appellate court summarily denied the second Writ.[8]

[12] Due to fact that petitioner did have two separate Writs filed in the appellate court under separate case numbers, he filed a second Petition for Review in regards to case no. B199043. (No. S154492.)

Writ in the appellate court. (No. B199043.) On August 22, 2007, the supreme court denied Review without opinion.[13] Now petitioner files this above Petition in this Court as his <u>first post-conviction petition</u>.

---

[13] Also, in separate Order the supreme court denied the second Review without opinion on August 15, 2007. (No. S154206,) in regards to the denial of his second Writ in the appellate court. (No. B199338.)

## STANDARD OF REVIEW

A. Habeas Corpus Relief Under 28 U.S.C. section 2254:

AEDPA provides, federal relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonale application of, clearly established Federal law, as determined by the Supreme Court of the United State; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. section 2254(d)(1)-(2). The key to triggering AEDPA's deferential standard is a previous "adjudicatio[n] on the merits in State court proceedings." On the other hand, a state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law, if no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raises in state court. Brewer v. Hall, 378 F.3d 952, 955 (9th Cir.), cert. denied ___ U.S. ___, 125 S.Ct. 814 (2004).

A state court decision is "contrary to" clearly established federal law where the state court applies a rule that contradicts the governing law set forth by the

Supreme Court or confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-506 (2000). The Supreme Court has emphasized that a citation of its cases is not required so long as "neither the reasoning nor the result of the state-court decision contradicts [its governing decisions]." Early v. Packer, 537 U.S. 3, 8 (2002). Further, what matters is whether the last reasoned decision reached by the state court was contrary to controlling federal law, not the intricacies of the analysis. Hernandez v. Small, 282 F.3d 1132, 1140 (9th Cir.), cert. denied, 537 U.S. 851 (2002).

A state court decision involves an "unreasonable application of" clearly established federal law where the state court identifies the correct governing legal principle from decision of the Supreme Court, but unreasonable applies that principle to the facts of the case. Williams v. Taylor, 529 U.S. at 407-408. To find that a state court has unreasonably applied Supreme Court precedent, a federal habeas court may not merely conclude that, in its independent judgment, the relevant state court decision was incorrect or erroneous. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Rather, the state court's application of clearly established federal law must be objectively unreasonable in view of the operative jurisprudence arising from the Supreme Court's holdings, not dicta, at the time the state court ren-

dered its decision. (id. at 71-75).

AEDPA's deferential standard applies to the claims in the above Petition currently before the Court. Petitioner raised these claims in a state petition for review before the California Supreme Court (No. S154206),[12] and the court denied the petition for review without comment.[13] Although the state high court's denial was silent, it still constitutes a denial "on the merits" for purpose of federal habeas review. Hunter v. Aispuro, 982 F.2d 344, 348 (9th Cir. 1992), cert. denied, 510 U.S. 887 (1993). Thus, the AEDPA deferential standard applies even though the court did not supply a rationale for its conclusion. Delgado v. Lewis, 223 F.3d 976, 981-982 (9th Cir. 2000).

B. One-Year Statute Of Limitations Under 28 U.S.C. section 2244(d):

Because the present Petition is filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA".) Smith v. Robbins, 528 U.S. 259, 268 fn.3 (2000). As amended by AEDPA, 28 U.S.C. section 2244(d) now provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or Laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations allows for an additional ninety-days during which the petitioner could have sought certiorari from the United States Supreme Court, even if no such certiorari petition is brought. Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999).

C. Alternate Start Of The Statute Of Limitations Under 28 U.S.C. section 2244(d)(1)(D):

The AEDPA further provides that its one-year limitations period shall run from "the date on which the

factual predicate of the claim or claims presented could have been discovered through the execise of due diligence." 28 U.S.C. section 2244(d)(1)(D). Under the AEDPA the limitations period for federal habeas claim based on new evidence or fact began to run on date that petitioner discovered new evidence or fact, not when state court's post-conviction relief became final. E.g., Frazier v. Rogerson, 248 F.Supp.2d 825 (N.D. Lowa, 2003); also, Small v. Miller, S.D.N.Y.2003, WL 22801332 (Limitations period under AEDPA for state prisoner to file petition for writ of habeas corpus based upon newly discovered evidence, that prosecution witness perjured herself, began to run from date that petitioner received letter revealing factual basis for his claim.) The face of this Petition above and attached exhibits, and the facts set forth below, establish (clearly) that petitioner is entitled to relief under this provision.[14]

About and between the time period of September 2000, and March 2001, Los Angeles Organized Crime detectives (Mr. Brad Higgins, and his partner Zoe) began to conduct interviews with petitioner regarding petitioner's organized crime association and direct involvement. Many of the interviews that detectives conducted with petitioner were in the

---

[14] All facts relied upon by petitioner are proved by testimony contained in unsworn declaration signed under penalty of perjury pursuant to 28 U.S.C. section 1746, which is attached as Exhibit-1, at pages 53-54.

presents of a special prosecutor provided by the state for purpose (as petitioner was told) sanctioning any deal with petitioner which may had occur. These interview were all tape-recorded as well. The detectives interest was what peti- could offer as to the criminal workings of organized crime in both Las Vegas and Los Angeles; however, detectives interest turned agressively towards what information petitioner had regarding the Orenthal James ("OJ") Simpson 1994 murder case,

By March of 2001, Judge Sheldon himself had become directly involved with detectives attempt at getting petitioner to cooperate in the OJ Simp-son investigation. The state, via special prosecu-tor offered petitioner complete immunity in the OJ Simpson case as well as the dismissal of his pending criminal case in Long Beach Superior Court (before Judge Sheldon) which petitioner now stands convicted. During dates of March 21, 23 and 28, 2001 (during closed hearings in Judge Sheldon's courtroom)[15] Judge Sheldon threatened petitioner with the "death penalty" if he did not cooperate with detectives in the OJ Simpson case. Only when Judge Sheldon realized his threats at petitioner were not working did Sheldon resort to blackmail and threats of an unfair trial in peti-tioner's pending case before him.[15] In a closed court hearing in Judge Sheldon's courtroom on (approx.) March 28, 2001, at carrying out his threat, issued order that petitioner not be allowed any access to witnesses nor victims to prepare for the

---

[15] Judge Sheldon concealed the events which did take place on March 21, 23 and 28, 2001, by omitting all the reporter transcripts from the official record on direct appeal for review (which consist of sealed hearings also).

up coming trial.[16] Judge Sheldon further denied petitioner of all his "alibi witnesses" for the up coming trial.[17] Judge Sheldon informed petitioner at March 2001 hearing that he (petitioner) could interview witnesses on the stand at the trial. When petitioner told Judge Sheldon that he (Sheldon) could not interfer with his constitutional right to obtain witnesses, Judge Sheldon stated the following:

> "Mr. Moreland this is what I will do, if you agree, just in case you do not cooperate in the Simpson matter, I will promise to render a invalid and unauthorized sentence in your case if you are convicted which I am certain you will be. This way there will be a safety net in place for you to fall back on if you decide at a later date you want to cooperate. You must, however, not challenge the sentencing. Do you agree?"

So when Judge Sheldon offered petitioner a "safety net" as an alternative collateral option for use at over-coming any conviction he may receive after a trial. Petitioner did accept the offer by Judge Sheldon because he was convinced (at such time) that Judge Sheldon meant what he was saying with the threats.

On May 18, 2001, Judge Sheldon sentenced petitioner to an invalid and unauthorized sentence,

---

[16] The "witness affidavits" which directly apply to Judge Sheldon's threats and blackmail at March 2001 hearings, which themselve were omitted from the record by Sheldon, were judicially noticed by this Court on September 3, 2004 in SPP. (See "witness affidavits;" attached as Exhibit-2, at pages 56 -66 ).

[17] Judge Sheldon omitted reporter's transcript of the

just as Judge Sheldon promised in Sentence-Bargain in March 2001, of both "life" and "25 to life" on attempt murder (count 1). Judge Sheldon also allowed allegation found true by jury that petitioner caused "death" to stand, eventhough there was no death at all in the case. (RT 2736-2739).

The acceptence of Judge Sheldon's (unauthorized) sentence of life, and 25 years to life, for attempt murder, and his failure to either object or protest to Judge Sheldon's rendition of the judgment all resulted from the March 2001 "Sentence Bargain" between Judge Sheldon and petitioner.

On March 25, 2007, at Department of Corrections ("CDC") proceeding called an "Olsen Review," petitioner, while housed at Calipatria State Prison, was <u>first</u> informed by Correctional Counselor (CCI) Mr. Atkins, of Judge Sheldon's (July 26, 2002) sentence modification nearly 5 years later. (See "Olsen Review;" attached as Exhibit-4, at page 71). Petitioner did not learn that Judge Sheldon had in fact changed (breached) the Sentence Bargain via an "amended order" until CCI Counselor Atkins informed him nearly 5 years later on March 26, 2007 at an Olsen Review. When issuing the order correcting sentencing errors, Judge Sheldon ordered that a copy of the order be sent only to CDC, and not a copy to petitioner. (See "Amended Order:7/26/02;" attached as Exhibit-5, at page 73). This fact is critical under the circumstances in this case because peti-was his own attorney at trial and so there is no

---

March 2001 hearings whereat Judge Sheldon denied petitioner any and all his alibi witnesses verbatim; the only record current for review is the clerk's transcript which only gives notice on witnesses requested. (CT 432-433).

attorney to advise petitioner that there were an amendment to the sentence in his case; not until he was informed by CDC CCI Counselor Atkin's nearly 5 years later on March 26, 2007.

Promptly after discovering this new fact (factual predicate) for his federal claim, that Judge Sheldon did breach the Sentence Bargain, petitioner filed this above Petition in the Court within one-year of that date; less any time during which period was tolled by properly filed state post-conviction petition. See Munnerlyn v. South Carolina, D.S.C.2006, 2006 WL 3390988.

## STATEMENT OF FACTS

I.

Petitioner is the defendant in the criminal action of The People of the State of California vs. Desmond Michael Moreland Jr., No. NA042601. Petitioner was charged by information with attempted willful, deliberate, and premeditated murder, in violation of Section 187(a)/664; and second-degree robbery, in violation of Section 211. (CT 193-197). He was arraigned on December 19, 2000, at which time Judge Sheldon entered a plea of "not guilty" on petitioner's behalf. (CT 304-305).

On December 28, 2000, Judge Sheldon granted petitioner's petition to proceed in Propria Persona. (CT 312).

On February 28, 2001, Judge Sheldon granted petitioner's motion appointing Norman Frantzman as his private investigator. (CT 414). The appointment order was signed and filed by Sheldon on March 3, 2001. (CT 423).

II.

On March 19, 2001, petitioner, while motioning for both a continuance and the appointment of bullisticts expert Mr. Lawerance Bagget, was propositioned by Judge Sheldon with option of full immunity with any role he may have had in OJ Simpson murders and his pending attempt murder case in Long Beach in Sheldon's court, if he were to cooperate with detectives. However petitioner continued, as with the

detectives, to refuse to cooperate, and thereafter Judge Sheldon began his threats and blackmail tactics as a direct consequence for petitioner's failure to cooperate. (CT 429) 429).[18]

On March 23, 2001, petitioner present with private investigator Norman Frantzman, (CT 431)[18] petitioner requested the court provide both victim and eye-witnesses contact information to investigator for conducting an investigation to prepare for trial; Judge Sheldon denied petitioner any and all excess to both victims and eye-witnesses for trial.[19] Petitioner immediately contested Sheldon's order as being both illegal and unconstitutional because it intentionally interfer with his ability to obtain witnesses for his defense.(id.)

III.

On March 28, 2001, petitioner presented Judge Sheldon, in open court, with his list of witnesses consisting of 44 names, which included the victims, eye-witnesses, and the

---

[18] Judge Sheldon for unknown reason did not order the court reporter to prepare a transcript for the official record and the clerk's transcript failes to state all the events. as well as the in camera hearing between petitioner and Sheldon.

[19] The court's order does not appear in clerk's transcript, nor did Sheldon order the reporter to produce a transcript for the official record on direct appeal, the only proof that Sheldon did commit these acts is the existence

organized crime detective Brad Higgens.[20] Also, and in-light of the open-court proceeding, Judge Sheldon held an in-camera hearing with petitioner demanding that petitioner present an offer-of-proof as for all witnesses requested for trial.[17] Following the request Judge Sheldon, as he previously stated he would do at prior hearing, denied petitioner his right to call any witnesses for his defense at trial.

After petitioner told Judge Sheldon that he could not interfer with his constitutional right to obtain witnesses, and that any conviction would be reversed on appeal, Judge Sheldon stated the following:

> "Mr. Moreland this is what I will do, if you agree, just in case you do not cooperate in the Simpson matter, I will promise to render a invalid and unauthorized sentence in your case if you are convicted which I am certain you will be. This way there will be a <u>safety net</u> in place for you to fall back on if you decide at a later date you want to cooperate. You must, however, not challenge the sentencing. Do you agree?" (emphasis added)[17]

---

of the eleven (11) eye-witness affidavits Judge Sheldon ordered detectives to obtain over petitioner's objection that police not contact witnesses on his behalf. (See "witness affidavits;" Exhibit-2, pages 56-66). The prosecutions own statements first day of trial support that Judge Sheldon did in fact contact witnesses. (RT 3).

[20] Though petitioner submitted the witness list on March 28, 2001, (CT 432) and Judge Sheldon did not file the list until March 30, 2001, (CT 433) unexplainably the witness list was excluded and/or omitted from the official record on direct appeal. (CT 1-284, 285-553, 570).[16]

IV.

Judge Sheldon then, in an in-camera proceeding, initiated a Sentence Bargain with petitioner. It was petitioner's understanding that Judge Sheldon would render an unauthorized sentence if he was convicted as a safety-net for petitioner to get back down to court on appeal if he decided to cooperate with detectives in OJ Simpson case;[16] however, petitioner was also instructed that he could not object to the pronouncing of the sentence at time of the judgment.(id.)(See "declaration;" Exhibit-1, pages 53-54).

Both prior to the verdict being delivered on April 27, 2001 and sentence imposed on May 18, 2001, petitioner not only had become but was convinced of the seriousness of Judge Sheldon's threats; so much so that petitioner's free will was successfully overcome by them that he did submit to the threats and cooperated in the Sentence Bargain. (See "declaration;" Exhibit-1, pages 53-54).

On May 18, 2001, after being found guilty on all counts charged in the information, Judge Sheldon sentenced petitioner, as he had promised he would at court hearings in March 2001, to both erroneous and authorized sentences. The errors with sentencing were as follows:

(a): Judge Sheldon never actually sentenced petitioner on the Section 12022.53(d) allegation for which he received a term of 25 years to life. (RT 2738).

/

(b): Judge Sheldon actully sentenced petitioner twice for the single attempt murder count: "25 to life as the determinate sentence; life /as/ the indeterminate sentence on count 1." (RT 2738).

(c): Judge Sheldon sentence on count 1 attempt murder, of 25 years to life, is unauthorized sentence under the provisions of Section 664.

(d): Judge Sheldon allowed to stand the special allegation under Section 12022.53, that petitioner discharged a firearm which "caused death," eventhough no victim ever died. (RT 2737).

Judge Sheldon's unauthorized sentences did in fact go, either intentionally or unintentionally, unrecognized by all other court's judges who would review the case thereafter on direct review of the conviction (No. B150569). And although the Deputy Attorney General, Marc E. Turchin ("DAG. Turchin") noted the clear discrepancy with the sentence imposed on the count 1 attempt murder in his Respondent's Brief ("RB") on June 7, 2002; (RB 2 fn.3) the appellate court's decision on October 8, 2002 affirming conviction made no mention towards it; nor did the court correct the discrepancy with the count 1 sentence.

V.

Finally, over 5 years after Judge Sheldon's unauthorized sentence, on August 4, 2006, petitioner decided to give into the blackmail and cooperate in the OJ Simpson case as Judge Sheldon was demanding by petitioning the trial court.

(See "Superior Court Letter:08/10/06;" attached as Exhibit-6, at page 76). Eventually, petitioner would make his intentions to cooperate with the state clear we he listed, as directed as directed to do so, his signed and dated plea agreement on the Ebay website. (See "Plea Agreement on Ebay;" attached as Exhibit-7, at pages 78-88). Furthermore, and in response to the superior court's inquiry, petitioner made it clear in his letter in response that it was in regards to OJ Simpson matter. (See "Petitioner Letter:12/03/06;" attached as Exhibit-9; at page 97).

The superior court, after having received his letter dated December 3, 2006 responded, in a letter on December 8, 2006, informing petitioner that he can "/e/xpect an interview from the Los Angeles District Attoney's Office very soon." (See "Superior Court Letter:12/08/06;" attached as Exhibit-10, at page 99). Additionally, the superior court reminded petitioner of the "sentencing issue" which (Judge Sheldon) imposed to get him back down to court. (See "Superior Court Order:12/08/06;" attached as Exhibit-11, at page 101). Thereafter, petitioner's case was ordered back to the trial court were it first started.(id.)

On a dated unknown, but sometime during the months of September or October, the superior court, in exercising its judicial powers, ordered all the contents listed on Ebay by petitioner removed; and Ebay complied without notice to petitioner.

It was not until March 25, 2007, nearly 6 years following the sentence, while participating in a CDC Olsen Review hearing conducted by CCI. Mr. Atkins, that petitioner became first informed that Judge Sheldon had modified the terms of the Sentence Bargain nearly 5 years earlier on July 26, 2002 via amended court order. (See "Olsen Review;" attached as Exhibit-5, at page 73).

It was discovered after review of the amended court order that Judge Sheldong was in receipt of a letter from the CDC dated July 3, 2002; where at Judge Sheldon stated;

> "It appearing to the court that through inadvertence and error the Minute Order of May 18, 2001 does not accurately reflect the court's order. Said Minute Order is hereby corrected nunc pro tunc as follows:
>
> By deleting: "25 years to," as to count 1 (01) and "(total 50 years to life)."
>
> By adding: "with the possibility of parole." As to count (01).
>
> Judgment clerk is ordered to prepare an amended Abstract of Judgment and is to forward a copy of the amended Abstract of Judgment and a copy of this Minute Order to the Department of Corrections." (See "Amended Order:07/27/02;" attached as Exhibit-5, at pages 73-74).

Due to the fact that the judgment clerk was ordered by Judge Sheldon to forward a copy of the amended court order only to CDC, petitioner, who was his own attorney at the trial, was unaware of any sentence modifications which

breached the terms of the Sentence Bargain until the CDC Olsen Review on March 25, 2007.

VI.

At both time prior to judgment, and the judgment being rendered, petitioner forewent a valid trial defense and/or objections to Judge Sheldon's criminal behavior with depriving him of his constitutional right to a fair trial. Aside from objecting to the clearly established unauthorized sentence rendered against petitioner, Judge Sheldon committed many illegal acts: First, it is illegal for Judge Sheldon to threaten petitioner (Section 422); Secondly, it is the unlawful act of extortion when Judge Sheldon blackmails petitioner with the right to a fair trial if he did not cooperate in the states case against OJ Simpson (Section 518); Thirdly, it is illegal to interfer with defense witness process (Section 136.1); and Fourthly, it is a crime for Judge Sheldon to conspire with state agents to commit any of the above crimes against petitioner. (Section 182 et seq.). (See "declaration;" attached as Exhibit-1, at page 54).

/

/

/

/

/

/

/

/

## CONTENTIONS

1.

Petitioner Recently Discovered Trial Court Breached March 2001 Sentence Contract Via Sentence Modification And Violates His Constitutional Right To Due Process And Equal Protection As Guaranteed By The Fourteenth Amendment

2.

Had Petitioner Known Trial Court's Intent To Breach Sentence Contract July 2002, Would Have Prevented The Judgment And Thus Violates His Constitutional Right To Counsel As Guaranteed By The Sixth Amendment

3.

Due To Trial Court's Breach Of Sentence Contract, Petitioner's Judgment And Sentence Must Be Set-Aside Because It Violates His Constitutional Right To Due Process And Equal Protection As Guaranteed By The Fourteenth Amendment

/
/
/
/
/
/
/
/
/

VERIFICATION

I, Desmond Michael Moreland , declare under penalty of perjury that: I am the petitioner in the above federal petition for writ of habeas corpus. I have read the foregoing document above and know the contents thereof and the same is true of my own knowledge, except as to those matters stated therein upon information, and belief, and as to those matters, I believe them to be true.

EXECUTED this 11 day of January, 2008, at Calipatria State Prison, Califpatria, California 92233-5002.

Dated: 1/11/08

[signature]

Desmond M. Moreland,
petitioner/declarant

## ARGUMENT AND POINTS AND AUTHORITIES

### I.
### Petitioner Recently Discovered Trial Court Breached March 2001 Sentence Contract Via Sentence Modification

For two solid reasons, both beyond his control, petitioner only recently discovered that Judge Sheldon had in fact breached their March 2001 Sentence Bargain via amended court order issued on July 26, 2002. The two reasons are as follows:

1) At time of the court proceeding where Judge Sheldon amended the sentence "nunc pro tunc," petitioner was at state prison and was not present in court, nor was petitioner represented by counsel. (See "Amended Order:7/26/02;" attached as Exhibit-5, at page 73); and

2) It was only at (after) a March 25, 2007, CDC Olsen Review with CCI Mr. Atkins that petitioner became first informed of the fact that Judge Sheldon had amended the sentence in his case. (See "Olsen Review;" attached as Exhibit-4, at page 71).

In Judge Sheldon's amended court order, and specifically by his own direction, the clerk was "ordered to prepare an amended abstract of judgment and is to forward a copy of the amended abstract and a copy of this minute order to the Department of Corrections." (See "Amended Order:7/26/02;" attached as

Exhibit-5, at page 73). For these reasons, petitioner was not informed of Judge Sheldon's amended order because it was not ordered (by Judge Sheldon) that he be informed; this is despite the fact that petitioner acted as his own attorney at the trial. Furthermore, what this means is that, petitioner (the defense) had (has) a statutory right (Sections 977(b); 1193); and constitutional right (Cal.Const. art. 1, sec. 15) to be present when a sentence modification takes place that serves to amend the sentence from its orally pronounced term at the time of judgment.

Additionally, in light of the fact that he had not been informed of the amended sentencing, petitioner still believed that Judge Sheldon's initial (unauthorized) sentence was still in affect. Petitioner truly believed that Judge Sheldon's initial sentence, via Sentence Bargain, was carved-in-stone due to the fact that at time of its oral pronouncement the state prosecutor did not either object nor mention a single word as to the illegal unauthorized sentence; nor did the Court of Appeal (on direct appeal) bother the unauthorized sentence as it was orally pronounced in its ruling affirming the conviction.

In conclusion, due to Judge Sheldon's very own order, petitioner was not made aware that Sheldon had intention on modifying the sentence, or had in fact modified the sentence already, and thus petitioner had no reason to be concern that his May 18, 2001 sentence would be changed from that of what he already knew it to be as it was clearly explained by Judge Sheldon during the

presentation of the Sentence Bargain at the pre-trial hearings on March (21st, 23rd, and 28th) of 2001. Petitioner only became aware, as he only possibly would under the circumstances, at a CDC Olsen Review of his file with CCI Mr. Atkins on March 25, 2007. (See "Declaration;" attached as Exhibit-1, at page 54).

## II.

## Had Petitioner Known Trial Court's Intent To Breach Sentence Contract July 2002, Would Have Prevented The Judgment

In March 2001, during the pre-trial process in petitioner's criminal case, Judge Sheldon presented a Sentence Bargain as way to serve as relief for the judges order that denied petitioner any and all access to witnesses and victims in the case; and also for denying petitioner his right to present his own defense witnesses for trial.[15] [16] After Judge Sheldon's many threats, petitioner eventually submitted to the terms of the judges oral Sentence Bargain. The pertinent term of the Sentence Bargain was that Judge Sheldon promised to render a invalid and unauthorized sentence in petitioner's case if he were convicted, so that if he ever decided to cooperate with the government in its investigation on OJ Simpson, he could fall back on it as a way to seek relief from judgment.[16] [17]

Petitioner honored the terms set out in the Sentence Bargain as it was explained by Judge Sheldon in March 2001. And finally

almost seven (7) years later, after first exhausting several pre-trial issues all the way to the United States Supreme Court, petitioner decided to cooperate with the government in the OJ Simpson case and petitioned Judge Sheldon's court via writ of habeas corpus where the court then forward it to the Superior Court Judge of Los Angeles County in Department 100. (See "Superior Court Letter:8/10/06;" attached as Exhibit-6, at page 76). In the Letter regarding petitioner's petition, the Superior Court Commissioner, for the Supervising Judge, Honorable Sam Bubrick ("Bubrick") asked petitioner what his "intentions are."(id.) And on December 12, 2006, petitioner responded to the Letter with his own, informing Honorable Bubrick of his commitment to name OJ Simpson as a financial source of income in a "plot to kill (then) prosecutor Mr. Christopher Darden." (See "Petitioner Letter:12/3/06;" attached as Exhibit-9, at page 97). Petitioner had already begun to cooperate with the government prior to his December 3, 2006, Letter. Prevously, in September, following a visit from the government five (5) months earlier, Petitioner's "Confession" and "Plea Agreement" which both implicated OJ Simpson (or suggested OJ Simpson may have been involved) in petitioner's criminal activities regarding Mr. Christopher Darden was posted on the Ebay website. (See "Ebay Web-pages;" attached as Exhibit-8, at pages 90-95). Petitioner was now honoring the terms of the Sentence Bargain he entered into with Judge Sheldon in March 2001.

In petitioner's case above, he had not been informed,

as clearly explained and presented in Argument-I above, that Judge Sheldon had already breached the terms of the Sentence Bargain from the terms set out in the March 2001 pre-trial hearing in the trial court, he would not have agreed to cooperate with the government in 2007 and would have objected to the threats and blackmail issued by Judge Sheldon during the time of sentencing. Petitioner could have raised the threats and blackmail issued by Judge Sheldon on direct appeal; and even though Judge Sheldon had omitted all records of the March 2001 court hearings from the record on appeal, petitioner would have motioned the Court of Appeal to **expand** the trial court record to include those hearings to prove the criminal conduct on Judge Sheldon's behalf towards petitioner's constitutional rights to a fair trial. At the time of sentencing, had petitioner not agreed to the Sentence Bargain, he would have filed a motion in "Arrest of Judgment" prior to Judge Sheldon rendering judgment in his case on May 18, 2001. (See Sections 1012; 1185).

During presentation of motion in Arrest of Judgment, petitioner would be allowed to show cause why sentence should not be pronouced, and to show good cause against judgment. (See Section 1200; also <u>People v. Cross</u> (1963) 213 CA2d 678). An illegal and unauthorized sentence, and Sentence Bargain created by threat, is surely good cause to offer in arrest of judgment. Therefore, petitioner, had he presented the above facts, would have showed good cause and would have prevented the rendition of judgment

as it was entered by Judge Sheldon on May 18, 2001. Furthermore, despite the fact of the Sentence Bargain itself, Judge Sheldon is without jurisdiction to impose an illegal or unauthorized sentence. As stated in In re Harris (5 C4th 813), for purpose of /habeas corpus/, the term "jurisdiction" is not limited to its fundamental meaning, and in such proceedings judicial acts may be restrained or annulled if determined to be in excess of the court's powers as defined by constitutional provision, statute, or rules developed by courts. (See In re Zerbe (1964) 60 Cal.2d 666, 667-668). This view is consistent with the statutory scheme governing habeas corpus, which provides that a prisoner may be discharged from custody "when the jurisdiction of (the committing) court ... has been exceeded." (Section 1487(1)).(emphasis added). Thus, petitioner also could have seeked habeas corpus relief to challenge Judge Sheldon's jurisdiction at time he rendered the judgment with the illegal sentence. This aspect of the habeas corpus jurisprudence has been invoked in the past by the California Supreme Court to review claims that a criminal defendant was sentence to serve an illegal sentence. Thus, for example, where a defendant was sentenced to an indeterminate term when the law provides for a determinate term, habeas corpus was available. See In re Lee (1918) 177 Cal. 690. The writ was likewise available to review the claim that Judge Sheldon was acting (did act) in excess of his jurisdiction by imposing a sentence on petitioner that was longer than that permitted by law. See, e.g., Neal v.

State of California (1960) 55 Cal.2d 11, 16-17.

III.
Due To Trial Court's Breach Of Sentence Contract, Petitioner's Judgment And Sentence Must Be Set-Aside

When a plea bargain (or sentence bargain) is made, a trial judge may not impose a judgment contrary to the terms of the agreement without giving the defendant an opportunity to withdraw from the agreement. Cf., People v. Flores (1971) 6 C3d 305; People v. Delles (1968) 69 C2d 906; also See Section 1192.5). The purpose of a remedy for breach of a plea bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. People v. Mancheno (1982) 32 C3d 855, 860.

A defendant who alleges that the government breached an agreement may be entitled to an evidentiary hearing or, at the court's discretion, discovery or expansion of the record. See, e.g., Blackledge v. Allison, 431 US 63, 76, 80-82 (1977)(allegation of breach entitles defendant to an evidentiary hearing). If the defendant demostrates that the government did in fact breach any agreement, the court may order (amongst others) specific performances. If the federal court finds that the state government have breached an agreement, it should remand the case so that a state court can devise the proper remedy. See, e.g., San-

tobello v. N.Y., 404 US 257, 262-263 (1971). Breaches of agreements by the government not only violate the defendant's constitutional rights (i.e. due process and equal protection under the Fourteenth Amendment) but call into question the "honor of the government, public confidence in the fair administration of justice, and effective administration of justice in a federal scheme of government." U.S. v. Lezine, 166 F3d 895, 901 (7th Cir. 1999)(quoting U.S. v. Harvey, 791 F2d 294, 300 (4th Cir. 1986); see, e.g., U.S. v. Mondragon, 228 F3d 978, 981 (9th Cir. 2000) (integrity of judicial system requires that government must strictly comply with its obligations under [agreement]). The remedy for a government breach of agreement depends on the specific case, if the federal court finds that the state government have breached an agreement, it should remand the case so that a state court can devise the proper remedy. See Santobello v. N.Y., supra. And in the State of California the usual remedy for violation, when the breach consist of the court's refusal to sentence in accord with the agreed-on recommendation, the usual rule is that the defendant is allowed to withdraw the plea and go to trial on the original charges, or to specifically enforce the [sentence] bargain. People v. Mancheno, 32 C3d at 860; see Section 1192.5.

/

/

/

/

## CONCLUSION

For the reason stated above, petitioner respectfully request that this Court grant him the relief requested herein by setting aside the judgment due to Judge Sheldon's breach of Sentence Bargain negotiated in March 2001.

Dated: 1/11, 2008

Respectfully submitted,

Desmond M. Moreland,
Petitioner in Pro Per.

# EXHIBIT 1

## Declaration of DESMOND MORELAND

I, Desmond Moreland, do hereby aver and declare:

1. That I am over 18 years in age.

2. That I am the petitioner in the above entitled federal petition for writ of habeas corpus, Desmond Michael Moreland v. T. Ochoa (ACTING Warden), which this declaration is exhibited.

3. That in the Fall/Winter of 2000, Los Angeles Sheriff Department Detectives Higgins and Zoe commenced interviewing me regarding my crime ties in both Las Vegas and Los Angeles. Their interest had to do with my involvement in college sports game fixing. (See Exhibit-13 and Exhibit-14 attached to petition, pp. 107, 112).

4. That in Winter of 2000, Detective Higgins and Zoe introduced a Special Prosecutor to me who had been appointed for the purpose of any negotiations. These interviews were tape-recorded.

5. That soon thereafter, the topic of our conversations turned to the OJ Simpson murder case and (what) information I had as to who was involved in the murders. I was told that if I were to cooperate with the investigation that my pending (at time) criminal matter in the City of Long Beach would be dismissed.

6. That, and though I do possess information about what really happened in the OJ Simpson murder case, I refused to cooperate with detectives. Both detectives and prosecutor became very angry.

7. That Judge Charles Sheldon, my trial court judge in Long-Beach at time, somehow became directly involved with detectives attempt at getting me to cooperate with the OJ Simpson investigation. In March (21st, 23rd, and 28th) of 2001, Sheldon initiated threats, blackmail, and extortion directed at me in effort to get me to cooperate with detectives.

8. That Judge Sheldon's threats (all made in courtroom) were that he would not allow me to call ANY of my own (defense) witnesses for trial, or have ANY access to the state's witnesses to prepare for trial or interviews as well. That, he demended, he had to kill victim (in my criminal matter) himself, who was still in critical condition, to assure I get death penalty, he would do so. On March (21st, 23rd, and 28th) of 2001, Sheldon did make good on his threats; I was denied any and all access to witnesses.

9. That following his execution of threats, Judge Sheldon initiated a contract (Sentence Bargain) with me, stating that, if I was convicted (after a trial) that he would render an unauthorized (invalid) sentence as a way for me to get back down to court on appeal if I ever decided to cooperate and that, however, I could not object to his sentencing at time of the judgment.

10. That I agreed with, and consented to, Judge Sheldon's offer due to the operating fear Sheldon had instilled in me with his acts and words at pre-trial hearings on March 21st, 23rd, and 28th, 2001 where I was acting as my own attorney in Pro Per. I was compelled to give up my constitutional right to confrontation and raising an objection to unauthorized sentence at the time of judgment.

11. That an August 4, 2006, I finally decided (after over five years) to cooperate with detectives in the OJ Simpson investigation; so I petitioned the superior court wherat Judge Sheldon resided. (See Exhibit-6 attached to petition, p.76). I would eventually express these intentions and commitment by placing my signed and dated Plea-Agreement on the "Ebay" website. (See Exhibit-8 attached to petition, p.90).

12. That after the superior court asked me what my intentions were (See Exhibit-6 attached to petition below), I clearly made it clear in my reponding letter that it had to do with OJ Simpson. (See Exhibit-9 attached to petition, p.97). In the superior court's response, it was stated that I may "...expect an interview with an investigator from the Los Angeles District Attorney's Office very soon." (See Exhibit-10 attached to petition, p.99). And then, in its order remanding the petition BACK to Judge Sheldon's superior court, I was reminded of "sentencing issue" which is exactly what Sheldon had designed the unauthorized sentence for to get me back down to court. (See Exhibit-11 attached to petition, p.101).

13. By exercising its judicial power, the superior court issued a (sealed) court order to remove all the contents listed on Ebay by me without any notice or reason explaining its action.

14. I found out (discovered) for the very first time on March 25, 2007 at an CDC Olsen Review, that Judge Sheldon had in fact changed (breached) the terms of the Sentence Bargain. Judge Sheldon in an July 24, 2002 amended Minute Order corrected the unauthorized sentence he had "orally pronounced" on May 18, 2001.

15. That in either January or February of 2001, before Judge Sheldon had initiated the Sentence Bargain, I had contacted The Long Beach Federal Bureau of Investigation (FBI) to complain about the possible and actual criminal actions by the state agents in my criminal case. I filed a complaint with Special Agent Lapp; he was Agent of the Day.

I declare under penalty of perjury that the foregoing is true and correct and was executed at IMPERIAL County, Calipatria, California on 1/11, 2008.

Dated: 1/11/08

Declarant

# EXHIBIT 2

ORIGINAL FILED

MAR 28

COUNTY C

AFFIDAVIT

People v. DESMON MORELAND

Case No. MA042201

I, BRIAN BENTLEY, am a witness in the above case. I do n[ot] want any of my personal information, such as residence address, residence telephone number, pla[ce] and telephone number of employment, driver's license number, or date of birth to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case

Brian Bentley
Signed

3-26-01
Dated

affidavit frm

56

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA042601

I, MATHEW MAY, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

Matthew C. May
Signed

3-26-2001
Dated

affidavit.frm

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA042601

I, MICHAEL KOHEL, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

Michael E Kohel
Signed

03-23-01
Dated



affidavit.frm

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I, ROBERT SEMINARA, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

Signed _______________ Dated 3/27/01

affidavit.frm

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I, DANIEL DUNN, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

Signed [signature]

Dated 3/26/01

affidavit.frm

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I, VICTOR TORRES, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

[signature]
Signed

3-23-01
Dated

Thanks

affidavit.frm

61

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I, ROSEMARY POWERS, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

Signed [signature]

03-26-01
Dated

62

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I, RICHARD HALL, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

Richard O Hall
Signed

3-23-01
Dated

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I am not a witness in the above case.

I, JOHN McPHERSON, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

John MacPherson
Signed

Mar 26 2001
Dated

I was standing in the Middle of Diamond parking lot talking to friend of mine who I haven't seen in long time, when the shots rang out I didn't go to the front of Farmers + Merchants bank. Then a man ran to parking lot Garage, I cannot remember anymore too long ago

# AFFIDAVIT

People v. DESMOND MOREIAND

Case No. NA 042601

I, JOHN MACPHERSON, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

John MacPherson
Signed

March 28 2001
Dated

65

FROM : STEPHEN SHEA MD PHONE NO. : 562 4919264 Mar. 27 2001 10:33AM P2
03/27/01 10:11
P. 002

# AFFIDAVIT

People v. DESMOND MORELAND

Case No. NA 042601

I, Dr STEPHEN SHEA, am a witness in the above case. I do not want any of my personal information, such as residence address, residence telephone number, place and telephone number of employment, driver's license number, or date of birth, to be released to the defendant(s) or defense attorney(s). I am fearful that the release of such information would threaten the safety of me and my family.

It is also my feeling that I do not want to be interviewed by the defense attorney(s) in this case. I will make my statement in court in front of the judge during the legal proceedings regarding this case.

M. [signature] M.
Signed

3/27/01
Dated

affidavit.frm

# EXHIBIT 3

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 03/28/01

---

CASE NO. NA042601

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.
DEFENDANT 02: DESMOND MICHAEL MORELAND JR

---

INFORMATION FILED ON 11/20/00.

COUNT 01: 664-187(A) PC FEL - ATTEMPTED MURDER.
COUNT 02: 211 PC FEL - ROBBERY.

ON 03/28/01 AT 830 AM IN L.A. SUPERIOR - SOUTH DEPT SOK

CASE CALLED FOR JURY TRIAL

PARTIES: CHARLES D. SHELDON (JUDGE) ANTHONY KLUNE (CLERK)
JOY ADAMS (REP) KENNETH LYNCH (DA)

DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

BAIL SET AT $2,035,000

DEFENSE COMPLIANCE IS CONTINUED TO 3-30-01/TRIAL 4-2-01 AS 0/10.
NOTE: DEFENSE WITNESS LIST HAS 44 WITNESSES WHO ARE NOT
MENTIONED AT ANY PREVIOUS PROCEEDING.

COURT ORDERS AND FINDINGS:

-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

WAIVES STATUTORY TIME.

NEXT SCHEDULED EVENT:
03/30/01 830 AM TRIAL/DISCOVERY COMP DIST L.A. SUPERIOR - SOUTH DEPT SOK

CUSTODY STATUS: REMANDED TO CUSTODY

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 03/30/01

---

CASE NO. NA042601

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.
DEFENDANT 02: DESMOND MICHAEL MORELAND JR

---

INFORMATION FILED ON 11/20/00.

COUNT 01: 664-187(A) PC FEL - ATTEMPTED MURDER.
COUNT 02: 211 PC FEL - ROBBERY.

ON 03/30/01 AT 830 AM IN L.A. SUPERIOR - SOUTH DEPT SOK

CASE CALLED FOR TRIAL/DISCOVERY COMP

PARTIES: CHARLES D. SHELDON (JUDGE) ANTHONY KLUNE (CLERK)
VICKI FRASER (REP) KENNETH LYNCH (DA)

DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

BAIL SET AT $2,035,000

MATTER IS CALLED FOR DISCOVERY COMPLIANCE. DEFENSE WITNESS LIST IS FILED BY THE COURT. TRIAL IS CONTINUED TO THE DATE BELOW.

COURT ORDERS AND FINDINGS:

-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

WAIVES STATUTORY TIME.

NEXT SCHEDULED EVENT:
04/12/01 830 AM JURY TRIAL DIST L.A. SUPERIOR - SOUTH DEPT SOK

DAY 00 OF 10

CUSTODY STATUS: REMANDED TO CUSTODY

# EXHIBIT 4

## INMATE CENTRAL FILE REVIEW IN RE-OLSON DECISION

This is to certify that I, Inmate Desmond Moreland

T24170 (CDC #) ☒ reviewed my Central File on 3/25/07 Date ☐ have chosen not to review my Central File on ______ Date

[signature] INMATE SIGNATURE

CCI K. Atkins
CORRECTIONAL COUNSELOR

CDC128-B

INMATE MORELAND CDC # T24170 HOUSING C5-233L

RE: AMENDED MINUTE ORDER DATED 7/26/02

# EXHIBIT 5

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 07/26/02

---

CASE NO. NA042601

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.
DEFENDANT 02: DESMOND MICHAEL MORELAND JR

---

INFORMATION FILED ON 11/20/00.

COUNT 01: 664-187(A) PC FEL - ATTEMPTED MURDER.
COUNT 02: 211 PC FEL - ROBBERY.

ON 07/24/02 AT 830 AM IN L.A. SUPERIOR - SOUTH DEPT SOK

CASE CALLED FOR FURTHER PROCEEDINGS

PARTIES: CHARLES D. SHELDON (JUDGE) ANTHONY KLUNE (CLERK)
NONE (REP) NONE (DDA)

DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

THE COURT IS IN RECEIPT OF A LETTER FROM THE DEPARTMENT OF CORRECTIONS DATED JULY 3, 2002.

IT APPEARING TO THE COURT THAT THROUGH INADVERTENCE AND ERROR THE MINUTE ORDER OF MAY 18, 2001 DOES NOT ACCURATELY REFLECT THE COURT'S ORDER. SAID MINUTE ORDER IS HEREBY CORRECTED NUNC

PRO TUNC AS FOLLOWS:

BY DELETING: "25 YEARS TO," AS TO COUNT (01) AND "(TOTAL 50 YEARS TO LIFE)."
BY ADDING: "WITH THE POSSIBILITY OF PAROLE." AS TO COUNT (01).

JUDGMENT CLERK IS ORDERED TO PREPARE AN AMENDED ABSTRACT OF JUDGMENT AND IS TO FORWARD A COPY OF THE AMENDED ABSTRACT AND A COPY OF THIS MINUTE ORDER TO THE DEPARTMENT OF CORRECTIONS.

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

CASE NO. NA042601
DEF NO. 02

DATE PRINTED 07/26/02

I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL MINUTE ORDER ON FILE IN THIS OFFICE.

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

BY _______________ DEPUTY

SUPERIOR COURT, LOS ANGELES COUNTY, CALIFORNIA



FURTHER PROCEEDINGS
HEARING DATE: 07/24/02

74

# EXHIBIT 6

CRIMINAL DIVISION
The Superior Court
LOS ANGELES, CALIFORNIA 90012

CLARA SHORTRIDGE FOLTZ
CRIMINAL JUSTICE CENTER
210 WEST TEMPLE STREET
(213) 974-1234

August 10, 2006

Desmond Moreland #T-24170
Calipatria State Prison
P.O. Box 5002, C5/223
Calipatria, CA 92233-5002

Re: Petition for a Writ of Habeas Corpus -- Case No. NA042601

Dear Desmond Moreland:

The Court received this writ on August 4, 2006, from Long Beach Superior Court. The cover sheet show it addressed to the California Supreme Court. Is that where you wanted it to go?

You also have the same writ here in Department 100 with many exhibits. Please let the Court know as soon as possible what your intentions are.

Very truly yours,

FOR THE SUPERVISING JUDGE

Sam Bubrick

Sam Bubrick
Superior Court Commissioner

SB/slr

# EXHIBIT 7

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff. v. Desmond Michael Moreland, Defendant. | Sup. No. ______________ PLEA AGREEMENT (PC.1192.7(a)) Waiver of Constitutional Rights and Plea of Guilty |

My full name is Desmond Michael Moreland. I am represented by Deft. in Pro Per, who is my attorney.
I consult with personal/private attorney

A. PLEA

1. [DM] I understand that I am pleading guilty and am thereby admitting the following charge(s), enhancement(s), prior prison term(s) and/or serious felony offense(s), carrying possible penalties as follows:

| Ct. | Charges | Min. Term Yrs. | Max. Term Yrs. | Enhancements | Yrs. | Priors/Felony List of Offenses | Total Years |
|---|---|---|---|---|---|---|---|
| 1 | 664/240 | 6 mo | 1 yr | 12022.5(a) | 3-4-10 | | 3yr/6mo |
| 2. | 12021(a) | 1 mo | 1 yr | 12022.2 | 3-4-10 | | 4 yr |
| | | | | Max. Total Punishment | | | 7yr/6mo |

CONDITIONAL PLEA

2. [DM] My lawyer has told me that if I plead guilty to the above charge(s) and admit the enhancement(s), prior prison term(s) and/or serious felony offense(s), the court will sentence me as follows unless the Court concludes the negotiated plea is not in the interest of justice, in which case the Court will allow me to set aside my plea and enter a plea of not guilty:



78

DM State prison for the term prescribe by law, which term is three years/ six months, Count 1; and four years Count 2; imprisonment in the penitentiary. (I waive my right to make application for probation and request immediate sentencing.) Count 1 and Count 2 is to run concurrently.

DM That any prison term ordered by the court, I shall receive time served for time credits already served during any current incarceration recently being served.

DM That I will be transfered from an institution of the California Department of Corrections to an institution of the federal prison system (FCI) for the remainder of any, and all, prison sentence to be served as ordered by the State (forthwith.) (Section 2911(a)-(e) of the Penal Code.)

☐ That I report any income (regardless of source) to parole department or agency which assigned to during term of parole.

☐ That I file yearly, during the term of parole, federal taxes (and state taxes if applicable) as the law requires that I do.

DM That I remain off any property, which I know is, authorized to and solicits gambling or waging on college sporting events (esp. football and basketball) during parole

DM That I remain off any private, state, or local college campus unless permitted to do so by the parole department or agency which assigned to during the term of parole.

DM That I not leave the state which I have paroled to unless permitted to do so by the parole department or agency which assigned to during the term of parole.

☐ That I discontinue, for the period of parole, any contact with known professional criminal person(s), group(s) or organization(s) (e.g. the mafia or Black Mafia) or any other person(s) known to be on parole. That if any of the above mentioned individuals attempt to, or does, make contact with me I am to directly report such act to the parole department or agency which assigned to. The forepart is not intended to include immediate family members.

That I am to remain unattached, and not possess, whether physically or constructively, any and all records, blacklist, or markers containing illegal gambling or game fixing obligations, both past and future, during the period of parole.

That it is NOT a condition of this Plea Agreement that I be required to cooperate with any law enforcement agency, unless voluntarily done, investigating any outstanding suspicion or conduct of organized crime or any other criminal matter that I am not charged with committing.

That I abide by all laws of the United States or any other laws, foreign or domestic, while on parole, and that I discontinue my envolvement in any plot to undermine the United States economy by organized crime (esp. the Black Mafia.)

B. <u>CONSEQUENCES OF PLEA</u>

1. I understand that if I am not a citizen of the United States, conviction for the offense(s) charged against me may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization and citizenship pursuant to the laws of the United States.

2. I understand that a conviction in this case would constitute a violation of any probation or parole that I may have at this time; that the court or authority that has me on probation or parole can take me back on a violation and impose a seperate sentence for the violation, based upon my conviction in this court.

3. I understand that any license to practice my profession or business may be suspended or revoked on the basis of this conviction.

4. I understand that the court must order me to pay a fine to the State Restitution Fund as part of my sentence (Section 13967 of the Government Code and Penal Code section 1202.4) of not less than $100 and not more than $10,000.

5. I understand that I must pay a fine to the State Restitution Fund, as part of my sentence, of $100 as stated in paragraph number 4 above.

6. [D] I understand that I am pleading Guilty to an offense in which I can be granted probation ONLY if the judge determines that this is an unusual case where the interest of justice would be served by granting me probation. Otherwise, I MUST be sentenced to state prison by such conditions of this here Plea Agreement.

7. [D] I understand that if I am convicted in the future of another felony offense that because of this plea today, I could be charged with an additional enhancement in those proceedings which could add another 1 to 10 years in state prison.

8. [D] I understand that if I am convicted in the future of another felony offense that this plea, as a condition hereto, CANNOT be charged as a sentence enhancement under the STRIKES LAW (Sections 667(b)-(I) and 1170.12 of the Penal Code.)

9. [D] I understand that if I am sentenced to state prison the following term of parole apply after expiration of the prison term:

[D] Determinate sentence: Up to 3-year parole plus up to one year maximum confinement in State Prison per revocation, and up to a total of three revocations.

[D] That I be given choice of paroling to the state of Nevada (where family lives) or state of Illinois (the last state of residence) as the law permits. (Sections 11175-11177 of the Penal Code.)

C. UNDERSTANDING AND WAIVER OF CONSTITUTIONAL RIGHTS

RIGHT TO AN ATTORNEY

1. [D] I understand that I have the right to be represented by an attorney at all stages of the proceedings until the case is terminated and that if I cannot afford an attorney, one will be appointed for me free of charge.

RIGHT TO JURY TRIAL

2. [D] I understand that I have a right to a trial by jury, which means that 12 citizens selected by my lawyer and the prosecutor would hear all the facts in this case and decide whether or not I am guilty of the charge(s) and whether the enhancement(s), prior prison term(s) and/or serious felony

allegation(s) are true. All 12 citizens would have to agree that I am guilty in order for me to be convicted of any crime charged against me; all 12 citizens would have to agree that I am not-guilty in order to aquit me, and 12 citizens would have to agree that any enhancement(s), prior prison term(s) and/or serious felony offense(s) charged against me are true. I hereby WAIVE and GIVE UP this right as to the charge(s) charged against me and specifically listed in Paragraph 2, above.

RIGHT TO CONFRONT WITNESSES

3. DM I understand that I have the right to be confronted by witness(es) against me; in other words, that they testify under oath in my presence, and that I may cross-examine them through my attorney. I hereby WAIVE and GIVE UP this right as to each of the charge(s), enhancement(s), prior prison term(s) and/or serious felony offense(s) charged against me and specifically listed in Paragraph 2 on the first page of this document.

RIGHT TO TESTIFY and RIGHT TO REFUSE TO TESTIFY

4. DM I understand that I have the right to testify on my own behalf, but that I cannot be compelled to be a witness against myself, and I may remain silent if I so choose. I hereby WAIVE and GIVE UP these rights as to each charge(s), enhancement(s), prior prison term(s) and/or serious felony offense(s) alleged against me and specifically listed in Paragraph 2 on the first page of this document.

RIGHT TO CALL WITNESSES

5. DM I understand that I have the right to call witnesses to testify in my behalf and to use the assistance and processes of the court to subpoena those witnesses and compel them to come to court to testify. I hereby WAIVE and GIVE UP these rights as to each of the charge(s), enhancement(s), prior prison term(s) and/or serious felony offense(s) charged against me and specifically listed in Paragraph 2 on the first page of this document.

D. FACTUAL BASIS FOR THE PLEA

DM I agree that the Court may receive and consider my sworn declaration attached to this Plea Agreement as proof of the

82

factual basis for my plea. (see ATTACHMENT A, at page 8.)

E. ENTRY OF PLEA

1. [Dm] I have had enough time to talk to my lawyer about the case.

2. [Dm] I have told my lawyer all the facts and circumstances known to me about the case.

3. [Dm] My lawyer has carefully gone over both the memorandum of plea and the waiver of constitutional rights form with me.

4. [Dm] I have discussed the charge(s), enhancement(s), prior prison term(s) and/or serious felony offense(s) alleged against me, and the facts and the possible defenses with my attorney.

5. [Dm] I understand that the courts and the Legislature have approved plea bargaining. That it is absolutely necessary that all plea agreements, promises of particular sentences or sentence recommendations be completely disclosed to the court on this form, and that any understanding not so disclosed on this form cannot be asserted at some later time.

6. [Dm] I am pleading guilty because I am guilty (or believe that there is sufficient evidence to prove my guilt beyond a reasonable doubt.)

7. [Dm] I understand I have no right to appeal from my plea of guilty, except as permitted by law.

8. [Dm] I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby WAIVE and GIVE UP each of them in order to enter my plea to the above charge(s).

DATED: ____________________ SIGNED: [signature]
Desmond M. Moreland

F. DEFENDANT'S ATTORNEY ONLY

I am the attorney of record and I have explained each of the

above rights to the defendant, and I have explored the facts with him and studied his possible defenses to the charge(s) and enhancing allegations. I believe there is a factual basis for each of the pleas and admissions set forth above. I concur in his decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence, including the defendant's attached declaration, of the defendant's intelligent waiver of these rights, and that it should be filed by the clerk as a permanent record of that waiver. Except for the terms of this Plea Agreement above, No other promises or recommendation have been made by myself or, to my knowledge, by the prosecuting attorney or the court which has not been fully disclosed in this form.

DATED: ______________________ SIGNED: ______________________

FOR THE PEOPLE:

DATED: ______________________ SIGNED: ______________________

# ATTACHMENT A

# Declaration by Desmond Michael Moreland

I, Desmond Michael Moreland declare that:

1. I am over 18 years in age;

2. I am the defendant in the above entitled action (Case # );

3. I am (officially) the Chairman of the Board of the American rooted "Black Mafia" in the United States of America. Its membership, consisting of both members and associates, are some five-hundred in total. I have held this post within the mafia since the year 1990;

4. My entering a plea of guilty to Count 1 (attempt assault, PC.664/240) and Count 2 (ex-felon w/firearm, PC.12021(a)) in the Complaint, is because I am guilty of these charges. The factual basis for the plea is as follows:

a.) In late 1994, my organization, the Black Mafia, conspired in a plot to kill Los Angeles County Prosecutor Mr. Christopher Darden. This conspiracy was in conjunction with a second criminal organization, and the approval of Mr. O.J. Simpson (who was being prosecuted by Darden at such time.) Communication to Simpson by the Black Mafia (me) was through a Los Angeles County employee with access. Simpson and I had developed a professional and personal relationship when I was being recruited by the University of Southern California (USC) in the Spring of 1985. I eventually did sign a scholarship to play football at USC. The introduction between Simpson and I was arranged by then USC head football coach Mr. Ted Tollner; whom with I would, some years later, conduct player-grade-fabrication with in order to keep record breaking fullback Mr. Leroy Holt in USC and on the team.

b.) At time prior to the plot, I had already publically voiced my negative view of Darden, as well as my positive view of Simpson, in the book report stemmed by a Los Angeles Times investigation, titled: The Secret Underworld Files of Desmond Michael Moreland — Los Angeles Organized Crime Million Dollar Man. This report was concluded in late 1994.

c.) The plot to kill Darden was found difficult to execute and was reconsidered. It was later decided by me that we would construct a situation to entrap Darden and make him come to us (the Black Mafia.) This was accomplished by instructing

an associate (my aunt Miki Guat) to maintain a relationship with Darden, sleep with him, and eventually become pregnant by him.

d.) Once the child was born, and all legal matters were ended, Darden would be killed on my orderes while meeting with his child and Miki at a arranged (by Miki) location.

e.) Miki had a little girl (I will not state her name) with Darden and the meeting was soon arranged. The weapon used (Russian AK-47 assault rifle) jammed at the precise time Darden was to be shot. I ordered Darden's life spared. I then decided that Darden's daughter (my second cousin) would be the bait aimed at Darden in any future plot.

f.) On or about August 21, 1999, it was arranged (with Miki) for her daughter (Darden's daughter) to be taken into the country of Mexico as if were kidnapped; so that once attention was brought to the situation by the media the Black Mafia would publically "blast" Darden for his role and behavior in the Simpson trial.

g.) On or about August 21, 1999, after first being arranged with Miki, the daughter was brought over to the location I was at; my uncle's (Bobby Guat Sr.) home at 5711 West Ave M, in Quartz Hill, California. Here I would baby-sit the daughter while she played with my son — whom I had taken custody of against a Nevada state court order approximately 2 years earlier. The daughter was to be taken into Mexico that day. Miki lived in Palmdale, ten minutes away.

h.) While baby sitting the daughter, I became bothered by many outstanding question I had crossing my mind; problems confronting the command structure within the Black Mafia; Simpson's recent behavior in Florida involving another professional athlete and a women; and whether Darden is even worth (anymore) all the time, effort, and money invested towards him. I took a good look at the daughter, then watching television with my son, I stood up, went to my uncle's room and retrieved my weapon (a Glock 9mm hand gun) cocked it, walked up behind the daughter and placed the barrel one inch off the base of the back of Darden's daughter, Miki's daughter, my second cousin's-HEAD. After a couple of minutes had past, while I was starring at my son's face as he set next to Darden's daughter watching television while holding each-others hand, I remove the barrel aimed at the head, went back into the room, unloaded the weapon, wiped the bullets of any finger prints and replaced the bullets in the box which they were purchased in and place it in uncles closet. These bullets were later recovered in a unrelated criminal investigation by the Longbeach Police Department.

i.) The weapon used in the attempt assualt on Darden's daughter has never been recovered. Hours after a armored truck guard was shot in the back of the head on October 19, 1999, (unrelated case,) its barrel was welded closed and effectively disposed of.

5. I understand that a false statement or answer to any question(s) in this declaration will subject me to the penalties of perjury.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was signed and dated at Calipatria, California, on ____________________, 2005.

Dated: ____________________

Desmond Michael Moreland,
declarant.

# EXHIBIT 8

## Sell Your Item: Preview Your Listing

**The listing below is a preview only**
Buyers will see the page below when they view your item. This item has not been submitted. To submit or edit your listing, please close the preview window.

Close Preview

Listed in category: Computers & Networking > Software > Business & Productivity > Other Business & Productivity

# NEW EVIDENCE CONNECTING O.J. SIMPSON TO THE BLACK MAFIA

Item r

**This item is being tracked in My el**

**Visits:** 00001



View larger picture

| | |
|---|---|
| Starting bid: | **US $50.00** Place Bid > |
| Listing begins in: | -- |
| Shipping costs: | Calculate |
| Ships to: | United States |
| Item location: | Macomb, IL, United States |
| History: | -- |
| You can also: | **Watch this item** |
| | Get alerts via Text message, IM or Phone call |
| | Sell one like this |

**Listing and payment details:** **Show**

### Meet the selle

Seller: chasren

Member: since Nc States

- Read feedbacl
- Ask seller a qu
- Add to Favorite
- **View seller's**

### Buy safely

1. **Check the sel**
   No feedback re
2. **Learn how yo**
   PayPal • Shop finar

### Description

*Item Specifics - Item Condition*

Condition: **New**

THIS IS AN CONFESSION FROM DESMOND MORELAND, THE PRESIDENT OF THE I
THESE DOCUMENTS HAS NEVER BEEN SEEN UNTIL NOW.

90